IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHAWN G.**,[1]<br><br>        Plaintiff,<br><br>        v.<br><br>**KILOLO KIJAKAZI,** Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:20-cv-57-SI<br><br>**OPINION AND ORDER** |

Kevin Kerr, KERR ROBICHAUX & CARROLL, 626 S.E. Alder Street, Portland OR 97293. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Erin F. Highland, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Shawn G. (Plaintiff) seeks judicial review of the final decision of the Commissioner of

the Social Security Administration (Commissioner) denying his application for disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

insurance benefits (DIB) under Title II of the Social Security Act (the Act) and for supplemental security income (SSI) under Title XVI of the Act. In response, the Commissioner conceded error and moved for an order remanding for further administrative proceedings. Plaintiff replied, arguing that the Court should remand this case for a finding of disability and the payment of benefits. For the reasons stated below, the Court REVERSES the Commissioner's finding that Plaintiff is not disabled and REMANDS for an immediate calculation and payment of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the

Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB and SSI on July 5, 2016 alleging disability beginning January 1, 2010. AR 312-15, AR 316-22.[2] Plaintiff later amended his disability onset date to July 1, 2010. AR 323. Plaintiff was born on March 24, 1980 and was 30 years old as of the alleged disability onset date. AR 312. Plaintiff's application was denied first by the Commissioner, denied again on Plaintiff's request for reconsideration, and denied by an ALJ after a hearing on Plaintiff's application. *See* AR 849. Plaintiff then sought judicial review of the Commissioner's decision by this Court. *Id.* The Court reversed the Commissioner's decision both (1) because the ALJ had improperly rejected the opinion of Brian Rost, Plaintiff's physical therapist, AR 855-856; *Shawn G. v. Berryhill*, 2019 WL 1922520, at *4-5 (D. Or. Apr. 30, 2019), and (2) because the ALJ failed to resolve a conflict between the vocational expert's testimony and information in the *Dictionary of Occupational Titles*, AR 860-863; *Shawn G.*, 2019 WL 1922520, at *6-9. The Court then remanded for further proceedings. AR 865; *Shawn G.*, 2019 WL 1922520, at *9-10.

On March 30, 2018, Plaintiff filed a subsequent claim for SSI. *See* AR 868. When the Appeals Council remanded Plaintiff's claim to the ALJ following this Court's reversal, the Appeals Counsel also ordered the ALJ to consider Plaintiff's subsequent claim. *Id.* On

---

[2] The Commissioner denied two applications by Plaintiff on May 25, 2012 and August 14, 2015, respectively. *See* AR 849. The ALJ concluded that the denial of Plaintiff's previous applications was administratively final and therefore Plaintiff's claim for that time was foreclosed under the doctrine of *res judicata*. AR 734-735. The ALJ considered Plaintiff's application as of August 14, 2013, as if it were a new, subsequent application with a period of disability as of the application date. *Id.*

PAGE 3 – OPINION AND ORDER

September 16, 2019, the ALJ held a hearing on Plaintiff's application after this Court's remand. AR 734. On October 10, 2019, the ALJ issued a decision again denying Plaintiff's claim for benefits. AR 734-746. Plaintiff seeks judicial review of the agency's final decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act (Act) through December 31, 2015 and proceeded to the sequential analysis. AR 737. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 1, 2010. *Id.* At step two, the ALJ determined that Plaintiff suffered severe impairments of lumbar degenerative disc disease, chronic bronchitis, and depression. *Id.* At step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ next determined Plaintiff's RFC and found that Plaintiff could perform

> light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except occasionally lift and carry up to 20 pounds; frequently lift and carry 10 pounds or less; sit for six hours in an eight hour day; stand or walk in combination for no more than six hours in an eight hour day; and push and pull as much as he can lift and carry. The claimant can occasionally climb ramps and stairs; avoid ladders, ropes, and scaffolding; occasionally stoop, kneel, crouch, or crawl; never work at unprotected heights; never work with moving mechanical parts; and never operate a motor vehicle for commercial purposes. The claimant is limited to simple routine tasks; simple work-related decision; and occasional interaction with supervisors coworkers, and the general public. The claimant's time off task can be accommodated by normal breaks.

AR 739.

At step four, the ALJ found that Plaintiff could not perform past relevant work. AR 744. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including routing clerk, production assembler, and assembler I, electrical accessories. AR 745. Thus, the ALJ found that Plaintiff was not disabled. AR 746.

## DISCUSSION

Plaintiff argues that the ALJ made several errors, including once again improperly evaluating the opinion of Plaintiff's physical therapist, Mr. Rost. Because the Court has previously remanded for further proceedings, Plaintiff now urges the Court to remand for an award of benefits. The Commissioner concedes that the ALJ made several unspecified errors (and implicitly acknowledges that the ALJ again erred in evaluating Mr. Rost's opinion) but argues that the Court should remand for still further proceedings.

**A. Standards**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant

disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

**B.  Application**

Applying the credit-as-true doctrine, the Court finds that remanding for an award of benefits is appropriate. The Commissioner concedes harmful legal error, so the first element of the credit-as-true doctrine is met.

The Court also finds that further proceedings would serve no useful purpose. That is because the ALJ made precisely the same errors when evaluating the medical opinion of Mr. Rost that the ALJ made in his first decision, despite this Court's explanation that the ALJ's original evaluation of Mr. Rost's opinion was erroneous. In his 2017 decision, the ALJ rejected Mr. Rost's opinion, saying:

> Brian Mitch Rost, P.T., opined that the claimant had limitations in his upper and lower extremities. He indicated that the claimant could never stoop, bend, kneel, or crouch. Furthermore, he noted that the claimant would miss 16 hours or more per month from even a simple, routine job due to his impairments. The undersigned grants little weight to this assessment as Therapist Rost is not an acceptable medical source (Ex. C12F). Moreover, he checked boxes on a form but did not provide any objective medical evidence to support his assessment of the claimant.

AR 48. This Court found that analysis erroneous. *See* AR 854-856; *Shawn G.*, 2019 WL 1922520, at *4-5. First, the Court explained (and the parties agreed) that "the ALJ was incorrect to disregard opinion evidence presented by Mr. Rost" because Mr. Rost was not an acceptable medical source. AR 854, *Shawn G.*, 2019 WL 1922520, at *4. The Court then considered whether the ALJ's other reason for rejecting Mr. Rost's opinion—Mr. Rost's use of check boxes—was nevertheless a specific and germane reason for discrediting Mr. Rost's

PAGE 8 – OPINION AND ORDER

opinion. AR 855-856, *Shawn G.*, 2019 WL 1922520, at *4-5. The Court noted that the "only permissible reason for discounting Mr. Rost's check-box conclusion" would be that Mr. Rost "did not provide *any* objective evidence to support his assessment of [Plaintiff]." AR 856; *Shawn G.*, 2019 WL 1922520, at *5 (emphasis and alterations in original). Because Mr. Rost's "treatment records contain information supporting Mr. Rost's checklist testimony regarding the severity of Plaintiff's impairments," the Court found that Mr. Rost did provide objective evidence to support his assessment and therefore substantial evidence did not support the ALJ's finding that *no* objective evidence supported Mr. Rost's assessment. AR 856; *Shawn G.*, 2019 WL 1922520, at *5. Thus, the Court found that the ALJ failed to provide a germane reason to discount Mr. Rost's opinion. AR 856; *Shawn G.*, 2019 WL 1922520, at *5. The Court then remanded the case for further proceedings. AR 865; *Shawn G.*, 2019 WL 1922520, at *9-10.

On remand, the same ALJ had a chance to reevaluate Mr. Rost's opinion. The ALJ's new evaluation, however, resembles his old, erroneous evaluation:

> On May 18, 2017, Brian Mitch Rost, P. T., opined that the claimant had limitations in his upper and lower extremities. He indicated that the claimant could never stoop, bend, kneel, or crouch. Furthermore, he noted that the claimant would miss 16 hours or more per month from even a simple, routine job due to his impairments (Cl2F). The undersigned gives little weight to this assessment, as Therapist Rost is not an acceptable medical source. Moreover, he checked boxes on a form but did not provide any objective medical evidence to support his assessment of the claimant and he wrote that he was unable to assess the claimant's ability to lift, carry, sit, stand or walk (C12F/2).

AR 741. The ALJ again relied on Mr. Rost's status as a non-acceptable medical source to discredit Mr. Rost's testimony, despite this Court finding that the "the ALJ was incorrect to disregard opinion evidence presented by Mr. Rost" because Mr. Rost was not an acceptable medical source. AR 854, *Shawn G.*, 2019 WL 1922520, at *4. The ALJ also again asserted that

no objective evidence supported Mr. Rost's opinion, despite this Court's finding that substantial evidence did not support that assertion.

The ALJ added another reason for discrediting Mr. Rost's opinion. The ALJ added a clause to his previous analysis noting that Mr. Rost "wrote that he was unable to assess the claimant's ability to lift, carry, sit, stand or walk." AR 741. This reason for rejecting Mr. Rost's opinion, however, fares no better than the other reasons. An expert need not opine on all aspects of a plaintiff's functionality to have their opinion credited. *See Derek O. v. Comm'r of Soc. Sec.*, 2019 WL 2357366, at *6 (D. Or. June 3, 2019) ("A doctor is not required to specify a residual functional capacity for a claimant in order to have his opinion credited."). Nor does the ALJ explain how Mr. Rost's failure to evaluate some of Plaintiff's functionality questions Mr. Rost's opinion on the aspects of Plaintiff's functionality that Mr. Rost did evaluate. Because the ALJ twice improperly discredited Mr. Rost's opinion and made the same errors when reevaluating Mr. Rost's opinion that the Court identified during the Court's review of the ALJ's original decision, the Court does not believe that giving the ALJ a *third* opportunity to evaluate Mr. Rost's testimony will serve a useful purpose.

Other district courts share the Court's conclusion that further proceedings serve no useful purpose when an ALJ repeats on remand an error that the court identified when reviewing the ALJ's original decision. In *Naggeye v. Colvin*, 43 F. Supp. 3d 1136 (D. Or. 2014), the Court found that further proceeding served no useful purpose and remanded for benefits when "the ALJ was unable to justify his decision in a satisfactory manner after the first remand." 43 F. Supp. 3d at 1140. More recently, in *Knight v. Saul*, 2020 WL 5518386 (E.D. Cal. Sept. 14, 2020), the court found that further proceedings served no useful purpose and remanded for benefits because the ALJ not only "repeatedly erred" but "repeatedly committed *the same errors*." 2020

WL 5518386, at *9 (emphasis added); *see also id.* ("Having previously erroneously evaluated plaintiff's claim the AJL again erred. Under these circumstances the court is reluctant to send this mater back to the ALJ for yet a third bite at the apple.").

Ninth Circuit precedent also supports this approach. "Allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons," the Ninth Circuit explained, would serve no useful purpose. *Garrison*, 759 F.3d at 1021. Moreover, the Ninth Circuit has often cautioned district courts not to create an "unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that [the plaintiff] is not credible any more than [the plaintiff], had he lost, should have an opportunity for remand and further proceedings to establish his credibility."). Allowing an ALJ to correct an error that the ALJ already declined to correct would create the unfair system of which *Benecke* warns.

The Commissioner argues that further proceedings on remand would be useful despite the ALJ's previous failure to make productive use of further proceedings on remand. The Commissioner's arguments, however, are unavailing. The Commissioner recommends that the ALJ "further develop the record" on remand, but the Commissioner does not explain what the ALJ could add to the record. Nor is it obvious to the Court what the record could lack after two hearings. *See Kelly v. Comm'r, Soc. Sec. Admin*, 2018 WL 2007054, at *6 (D. Or. Apr. 30, 2018) ("Indeed, the Court is considering this case for the second time on the same record, which supports a finding that the record is fully developed."). That leaves the Commissioner's recommendation that the Court remand to allow the ALJ to reevaluate the erroneously

PAGE 11 – OPINION AND ORDER

discredited medical opinion evidence. That is *not* a useful purpose. *Garrison*, 759 F.3d at 1021 (rejecting the Commissioner's argument that "further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons"). The Court finds that further proceedings would serve no useful purpose.

Having concluded that further proceedings would serve no useful purpose, the Court considers whether, if Mr. Rost's opinion was credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez*, 808 F.3d at 407. The Court concludes that crediting as true Mr. Rost's opinion would require the ALJ to find that Plaintiff is disabled. Mr. Rost opined that Plaintiff's impairments would cause him to miss at least two days of work per month even at a simple, routine job. AR 717-716. The vocational expert testified that Plaintiff would be unable to find competitive employment in unskilled work if he missed more than one and a half days per month. AR 770. Additionally, Mr. Rost opined that Plaintiff could never stoop or bend. AR 719. Social Security Ruling ("SSR") 96-9P explains that "[a] *complete* inability to stoop would significantly erode the unskilled sedentary occupation base and a finding that the individual is disabled would usually apply." SSR 96-9P, 1996 WL 374185, at *8 (July 2, 1996) (emphasis added).

Because each element of the credit-as-true doctrine is met, the Court has discretion to remand for an immediate calculation and payment of benefits. Because "[d]elaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary" would only serve "to cause [Plaintiff] further damage—financial, medical, and emotional," the Court exercises that discretion here. *Varney v. Sec'y Health of Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 19th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
